IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| HSBC BANK USA, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF NOMURA HOME EQUITY LOAN, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-3, <br><br>  Plaintiff, <br><br> v. <br><br> ERNESTO SOLIS, ILEANA SOLIS, <br><br>  Defendants. | § § § § § § § § § § § § § § § §  Civil Action No. 7:17-cv-60 |

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, HSBC Bank USA, N.A., as Trustee for the Registered Holders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2007-3 ("HSBC" or "Plaintiff"), and files this *Original Complaint* against, Ernesto Solis and Ileana Solis (the "Solises"), and shows:

### I.  PARTIES

1.  HSBC is the Plaintiff in this cause who is appearing through the undersigned counsel.

2.  Defendant Ileana Solis is an obligor under a loan agreement and may be served with process at her residence, 10800 N. Minnesota Road, Misison, Texas 78574.  Summons is requested.

3.  Defendant Ernesto Solis is an obligor under a loan agreement and may be served with process at his residence, 10800 N. Minnesota Road, Mission, Texas 78574.  Summons is requested.

## II. DIVERSITY JURISDICTION AND VENUE

4. This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

5. Plaintiff is the trustee of a trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464–66 (1980); *Mfrs. and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F. Supp.2d 261, 263 (S.D.N.Y. 2008). As a national banking association, HSBC's citizenship is determined solely by the location of its main office, as designated in its articles of association. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006); 28 U.S.C. § 1348. HSBC's main office is located in Virginia. Therefore, Trustee Bank is a citizen of Virginia for diversity purposes.

6. Defendant Ileana Solis is an individual and citizen of the State of Texas.

7. Defendant Ernesto Solis is an individual and citizen of the State of Texas.

8. This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because the amount in controversy exceeds $75,000.00. In this suit, Plaintiff seeks to foreclose on its lien interest on the Property. The current payoff of the underlying note is in excess of $75,000.00. Accordingly, the amount in controversy requirement has been met.

9. Venue is proper in the Southern District of Texas, McAllen Division, under 28 U.S.C. § 1391(a)(2) because this suit concerns title to real property located in Hidalgo County, Texas.

## III. FACTS

10. On or about June 9, 2004 for value received, Ernesto Solis executed that certain Texas Home Equity Adjustable Rate Note ("Note") in the original principal sum of $65,000.00 bearing interest at the rate of 11.86% per annum.

11. The Note is secured by that certain Texas Home Equity Security Instrument ("Security Instrument") of even date therewith, signed by the Solises, filed for record in the Official Public Records of Hidalgo County, Texas, creating a valid lien on improved real property in Hidalgo County, Texas, being further described as follows:

> Being a 5.29 gross acre tract of land, more or less, carved out of the South 15.87 acres of Lot 18, C.A. CONNOR & CO., INC. SUBDIVISION, Hidalgo County, Texas, according to the map or plat thereof recorded in Volume 11, Page 17, Map Records of Hidalgo County, Texas, said 5.29 acre tract of land being more particularly described by metes and bounds as follows:
>
> COMMENCING at a 60-D nail found on the West line of said Lot 18 located in the center of N. Minnesota Road for the Southwest corner and point of beginning. Said nail is located North 08 degrees 50 minutes East, coincident with the West line of said Lot 18, a distance of 184.35 feet from the Southwest corner of said Lot 18;
>
> THENCE, North 08 degrees 50 minutes East, coincident with the West line of said Lot 18, a distance of 184.35 feet to a 60-D nail found for the Northwest corner of this herein described tract;
>
> THENCE, South 81 degrees 10 minutes East, along a line parallel to the South line of said Lot 18, a distance of 20.00 feet pass a ½ inch diameter iron rod found on intersection with the East right of way line of said road, at a distance of 1,250.0 feet in all to a ½ inch diameter iron rod found on intersection with the East line of said Lot 18 for the Northeast corner of this herein described tract;
>
> THENCE, South 08 degrees 50 minutes West, coincident with the East line of said Lot 18, a distance of 184.35 feet to a ½ inch diameter iron rod found for the Southeast corner of this herein described tract;
>
> THENCE, South 81 degrees 10 minutes East, along a line parallel to the South line of said Lot 18, a distance of 1,230.0 feet pass a ½ inch diameter iron rod found on intersection with the East right of way line of said road, at a distance of 1,250.00 feet in all to the POINT OF BEGINNING. Containing 5.29 gross acres of land, more or less of which the West 20.0 feet (or 0.08 acres, more or less) are located within the right of way of said N. Minnesota Road, leaving 5.21 net acres of land, more or less.

(the Property").

12. Under the terms of the Note and Security Instrument, Ernesto Solis was required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

13. The Note and Security Instrument further provide that should Ernesto Solis fail to make payments on the Note as they became due and payable, or fail to comply with any or all of

the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the agreement.

14.     Ernesto Solis failed to make the payments on the Note and has failed to comply with any and all of the covenants and conditions under the terms of the Security Instrument. Notice of default and intent to accelerate was provided to the Solises, but the default has not been cured.  As the default has not been cured, all unpaid principal and accrued interest on the Note have been accelerated and are due and payable at this time.

15.     HSBC files this current lawsuit as the current beneficiary of the deed of trust and owner of the home equity loan.

## IV. CAUSE OF ACTION/FORECLOSURE

16.     Plaintiff asserts a cause of action for judicial foreclosure against the Solises. HSBC is the current beneficiary of the deed of trust and owner of the home equity loan.  HSBC has fully performed its obligations under the loan agreement, however, Ernesto Solis failed to make the payments required under the Note and Security Instrument, which constitutes an event of default thereunder.

17.     The Security Instrument permits HSBC to foreclose the Property should there be an event of default on the Note.  Accordingly, HSBC seeks judgment in its favor and an order allowing foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002, or alternatively, a judgment foreclosing on the lien and an order for sale.

18.     HSBC has been forced to hire the undersigned attorneys to pursue this claim; HSBC is therefore entitled to and seeks judgment against Ernesto Solis for its reasonable attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Note and Security Instrument and by statute. TEX. CIV. PRAC. & REM. ANN. §

38.001(8). HSBC seeks an award as a further obligation on the loan and not as a money judgment.

19. All conditions precedent have been performed or have occurred.

**WHEREFORE, PREMISES CONSIDERED,** HSBC prays that the Court declare that it may foreclose on the Property. HSBC further asks to recover its attorney's fees and costs and that it be awarded as a further obligation on the loan and all other relief to which it is entitled.

Respectfully submitted,

By: _/s/ Philip W. Danaher_
**MARK D. CRONENWETT**
Texas Bar No. 00787303
Southern District Bar No. 21430
mcronenwett@mwzmlaw.com

**PHILIP W. DANAHER**
Texas Bar No. 24078395
Southern District Bar No. 2023903
pdanaher@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**